IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAURA M. F.,[1]  )
                                    Plaintiff,  )
                                             )     CIVIL ACTION
v.  )
                                             )     No. 18-2373-JWL
ANDREW M. SAUL,[2]  )
Commissioner of Social Security,  )
                                             Defendant.  )
_____)

**MEMORANDUM AND ORDER**

Pro se Plaintiff seeks review of a decision of the Commissioner of Social Security converting her Disability Insurance Benefits (DIB), paid from the Federal Disability Insurance Trust Fund, to Retirement benefits, paid from the Federal Old Age and Survivors Insurance Trust Fund, upon her attainment of full retirement age pursuant to section 201(h) of the Social Security Act. 42 U.S.C. § 401(h) (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

I.      Background

Plaintiff argues that she needs all her benefits including Supplemental Security Income (SSI), (disability?), and retirement. (Pl. Br. 1).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the

2

[Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

## II. Discussion

The ALJ found that Plaintiff was confused, thinking that she had been receiving SSI benefits since June 1990, but that she actually "began receiving an unreduced disability benefit" (DIB) at that time. (R. 12). He found that Plaintiff reached full retirement age in February 2015 and, in accordance with 20 C.F.R. § 404.316(b)(3) her disability benefits ceased with the January 2015 payment and she began receiving retirement benefits in February 2015. Id. at 12-13. He found that the retirement benefits paid were the same as the disability benefits previously paid and Plaintiff was not disadvantaged by the change in trust funds. Id. at 13.

Plaintiff refers to "TPQY – Confidential Supplemental Security Income Data On [her social security record] Date[d] 11-05-98," and argues her SSI benefits began in June of 1990 and the only benefit she ever received was SSI benefits until she began receiving retirement benefits in 2015. (Pl. Br. 1). She also argues that she did not receive benefits she should have received from The Farmers Insurance Group of Companies, or which she should have received from a worker's compensation case in which she was represented by Mr. James M. Sheeley. Id. at 1-2.

3

The Commissioner argues that the ALJ found that Plaintiff's DIB was properly converted to retirement benefits in accordance with 20 C.F.R. § 404.316(b)(3). (Comm'r Br. 3-4). He argues that the ALJ's decision applied the correct legal standard, is supported by the record evidence, and should be affirmed by the court. Id. at 4.

The record provides a basis for Plaintiff's claims. (R. 70, 72, 73, 84, 93-97). However, the record does not suggest that the Social Security Administration (SSA) erred in its decision. Page 70 and page 84 of the record are apparently two identical print-outs of a query of a Social Security database dated May 9, 2011 ("05/09/11")[3] and containing data regarding Plaintiff's application for and receipt of Social Security benefits and Supplemental Security Income benefits. (R. 70, 84). The portion of the print-out containing SSI data states that Plaintiff applied for SSI on September 19, 1990 and suggests she was "ELIGIBLE: 09/1990." (R. 70, 84). It provides a "PAYMENT STATUS CODE: T51 – PYMTS NEVER MADE – TERMINATED EFFECTIVE 07/1992." Id. This evidence confirms the ALJ's finding that Plaintiff never received SSI benefits but was given DIB benefits. Therefore, Plaintiff's appeal must fail.

42 U.S.C. § 405(g) gives this court jurisdiction to review final decisions of the SSA, but it does not provide jurisdiction for the court in the same case to review alleged errors by other persons or entities. Therefore, to the extent Plaintiff argues she was aggrieved by actions of the Farmers Insurance Group of Companies, Kansas Department

---

[3] Although Plaintiff's Brief states the TPQY is dated "11-05-98," that is not the case.

of Human Resources Division of Workers Compensation, or her Attorney, Mr. Sheeley, those individuals or entities are not parties to this action and her recourse lies elsewhere.

The court notes that it is sympathetic to Plaintiff's claim that she needs more income to meet her needs. Plaintiff's application for SSI was terminated in 1992 and the record shows no application for SSI currently pending before the SSA. In the appropriate circumstances an individual who is receiving retirement benefits may also qualify for SSI benefits. Therefore, if Plaintiff believes she is eligible for SSI benefits she may make a new application with the Social Security Administration.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated June 20, 2019, at Kansas City, Kansas.

        s:/ John W. Lungstrum
        **John W. Lungstrum**
        **United States District Judge**